UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA SKOFF, | |
| Plaintiff, | No. 24 C 10426 |
| v. | Judge Thomas M. Durkin |
| NCB MANAGEMENT SERVICES, INC., | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Pamela Skoff alleges that NCB Management Services, Inc., violated the Fair Debt Collection Practices Act ("FDCPA") in two ways: (1) NCB sent a debt collection letter to her home after she notified NCB that she only wanted to receive communications through text and email;[1] and (2) NCB communicated information about Skoff's debt to credit reporting agencies without communicating that Skoff disputed the alleged debt.[2] Skoff filed her complaint in state court and NCB removed it to this Court. Skoff now moves to remand her case to state court arguing that NCB has not established the Court's subject matter jurisdiction over her claims. That motion is denied in part and granted in part.

When a case is removed from state court to federal court, "the party seeking removal must establish federal jurisdiction." *Collier v. SP Plus Corp.,* 889 F.3d 894,

---

[1] Skoff alleges that this letter violated the following provisions of the FDCPA: 15 U.S.C. §§ 1692c, 1692c(a)(1), 1692d, 1692e, 1692e(10), and 1692f. She also alleges the letter violated similar provisions of the Illinois Collection Agency Act.

[2] Skoff alleges that this deficient reporting violated FDCPA provision 15 U.S.C. § 1692e(8), and similar provisions of the Illinois Collection Agency Act.

896 (7th Cir. 2018). "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including . . . reputational harm." *Id.*

Skoff argues that remand of her claims regarding NCB sending her a letter instead of an email or text is appropriate because those claims do not allege a concrete injury and so cannot establish standing under federal law. She cites, among other cases, the Seventh Circuit's holding that receipt of a letter does not constitute the traditional harm of "intrusion upon seclusion" because "there is nothing inherently bothersome, intrusive, or invasive about a collection letter delivered via U.S. Mail." *Pucillo v. Nat'l Credit Sys., Inc.*, 66 F.4th 634, 640 (7th Cir. 2023); *see also Pennell v. Global Trust Management,* LLC, 990 F.3d 1041, 1043 (7th Cir. 2021). NCB does not address *Pucillo* in its brief, instead focusing on a district court case from Texas. The Texas case has little persuasive value here in the face of Seventh Circuit precedent that is directly relevant. Thus, the Court finds that NCB has not met its burden to establish the Court's subject matter jurisdiction over Skoff's claims related to the letter NCB sent to her.

By contrast, Skoff concedes that the Seventh Circuit has held that disseminating incorrect or incomplete information to credit agencies is a concrete

harm. *See* R. 19 at 3 (citing *Ewing v. MED-1 Sols., LLC,* 24 F.4th 1146 (7th Cir. 2022)). In *Ewing*, the Seventh Circuit held that a debt collector's failure "to report a [debtor's] dispute that [the debt collector] should have known about" is sufficiently analogous to the traditional harm of defamation to establish a concrete harm under the FDCPA. *See id.* at 1153. This Court agrees, consistent with *Ewing*, that the Court has subject matter jurisdiction over Skoff's claim related to the NCB's failure to report her disputed debt to the credit reporting agencies.

According to NCB, this mix of claims with and without subject matter jurisdiction means that the motion for remand must be denied. NCB argues that Skoff has brought a single FDCPA claim which "revolves around the same alleged course of conduct in how NCB responded to [Skoff's] letter, both as to its credit reporting and subsequent communications." R. 18 at 8. NCB argues that because there is subject matter jurisdiction for part of this single claim based on *Ewing*, there is subject matter jurisdiction for the entire claim.[3]

But just because Skoff has pled her claims in a single count, and just because all of her claims arise out of the same core of operative facts, does not mean that there are not multiple claims stated in Skoff's complaint. The Seventh Circuit has explained that "discrete and independently wrongful acts produce different claims, even if the same wrongdoer commits both offenses and the second wrong is similar to

---

[3] NCB also argues that "this Court has supplemental jurisdiction over the entirety of plaintiff's FDCPA count because the alleged violations form part of the same case or controversy." R. 18 at 7. But whether the claims are part of the same case or controversy does not obviate the requirement that the claim seek redress for a concrete injury.

3

the first." *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970, 974 (7th Cir. 2019). "Disputes that have an independent existence may be litigated separately." *Id.* Here, while Skoff's claims all arise from NCB's reaction to Skoff's debt dispute, the letter NCB sent to Skoff, and the report NCB sent to the credit agencies, are two separate actions. Therefore, those actions form the basis of separate claims in Skoff's complaint: i.e., six claims that the letter violated FDCPA sections 1692c, 1692c(a)(1), 1692d, 1692e, 1692e(10), and 1692f; and one claim that the inaccurate reporting to the credit agencies violations FDCPA section 1692e(8).

Skoff argues that because the Court does not have jurisdiction over her six claims about the letter, but has subject matter jurisdiction over her claim about the reporting to the credit agencies, "the Court must either bifurcate . . . or remand this case in its entirety." R. 19 at 1-2. But Skoff provides no argument as to whether bifurcation or full remand is the proper course. With NCB's argument premised on a mistaken analysis of the relationship among Skoff's claims, neither party has addressed whether a partial remand is permissible under federal law.

Courts are somewhat split on the issue. *See Zanotti v. Invention Submission Corp.*, 2020 WL 2857304, at *11-13 (S.D.N.Y. June 2, 2020) (discussing the cases). To the extent there is disagreement, it is because the statute addressing remand mentions only remand of a "case" and not "claims." *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case* shall be remanded.") (emphasis added). Some courts have determined that this means that when "a case" includes some "claims" with subject

matter jurisdiction and some without, the court must dismiss "the claims" for which there is not subject matter jurisdiction (without prejudice) because the statute does not provide for remand of "claims." *See, e.g., Zanotti*, 2020 WL 2857304, at *11-13.

But this result gives too little weight to dicta from the Supreme Court that is to the contrary. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998). In *Schacht*, the Supreme Court stated that, "conceivably, one might also read the statute's reference to 'case' to include a claim within a case as well as the entire case." *Id.* Following this dicta, both the Eighth and D.C. Circuits have affirmed partial remand of claims lacking subject matter jurisdiction. *See Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 993 (8th Cir. 2016); *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1044 (D.C. Cir. 2010). This also comports with 28 U.S.C. § 1441 which provides for partial remand of claims within a case under diversity jurisdiction.

Therefore, the motion to remand [13] is denied in part and granted in part. The motion is denied with respect to Skoff's claim under 15 U.S.C. § 1692e(8) and the related claim under the Illinois Collection Agency Act. The motion is granted with respect to Skoff's claims under 15 U.S.C. §§ 1692c, 1692c(a)(1), 1692d, 1692e, 1692e(10), and 1692f, and the related claims under the Illinois Collection Agency Act. Those claims are severed and remanded to the Circuit Court of Cook County, Illinois.

Additionally, Skoff's request for costs and fees is denied because the fact that part of the case is not being remanded demonstrates that the removal was not unreasonable. Lastly, the parties should contact the Court's Deputy with an agreed briefing schedule on the pending motion to dismiss [12].

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: April 29, 2025