UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA SKOFF, | |
| Plaintiff, | No. 24 C 10426 |
| v. | Judge Thomas M. Durkin |
| NCB MANAGEMENT SERVICES, INC., | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

The Court previously found it lacked subject matter jurisdiction over six of Pamela Skoff's seven claims against NCB Management Services, Inc., under the Fair Debt Collection Practices Act ("FDCPA"), and remanded those claims to state court. What remains is a single claim that NCB communicated information about Skoff's debt to credit reporting bureaus without also communicating to the credit reporting bureaus that Skoff disputed the alleged debt. Skoff alleges that this failure violated FDCPA provision 15 U.S.C. § 1692e(8). NCB has moved to dismiss that claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion is denied.

Section 1962e(8) prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Skoff alleges that NCB reported to credit bureaus that she "previously" disputed her debt, when she in fact not only *previously* disputed it, but

also *continued* to dispute it. *See* R. 11 ¶¶ 51-52. Skoff alleges that she communicated her dispute by letter which was delivered to NCB on June 24, 2024, in which she stated "I am disputing this debt." *See id.* ¶ 23. NCB acknowledged receipt of Skoff's letter and that Skoff disputed the debt, with a letter dated July 17, 2024, which stated "We acknowledge receipt of your dispute notice." *Id.* ¶ 33. That letter also stated that NCB had "thoroughly investigated the allegations raised in [Skoff's] dispute and [NCB] could not find any substantial evidence to support them." *Id.* The same day NCB wrote its letter to Skoff, NCB also reported to credit bureau Experian that Skoff's debt "was previously in dispute" and the investigation regarding her dispute was "complete." *Id.* ¶ 51.

NCB argues that this report to Experian was not false because Skoff "does not allege any further communications from her [to NCB]," other than her June 24 letter, regarding "her continued dispute." R. 12 at 3. NCB argues that its completed investigation of Skoff's claims ended her dispute, and that for her dispute to continue she was required to respond to NCB's notice of the completed investigation and communicate that she continued to dispute the debt despite the continued investigation. *See* R. 12 at 9. NCB contends that once it closed its investigation, its report that Skoff's debt was "previously disputed" was not false because Skoff had not informed NCB that she continued to dispute the debt despite the investigation.

The problem with this argument is that NCB sent its letter to Skoff and made a report to Experian *on the same day*. It was impossible for Skoff to have communicated her continued dispute because NCB made the report before Skoff could

2

have reasonably responded to the letter NCB sent to her. In other words, it is plausible that NCB's statement to the credit bureau was false because NCB did not provide Skoff a reasonable amount of time to respond to NCB's letter.

NCB cites a district court case from Michigan which found that a debtor had an obligation to communicate their continued dispute after the creditor completed investigation of the dispute, sent a letter to the debtor informing them of the competed investigation, and then two days later reported to the credit bureau that the debt was "previously disputed." *See Foster v. AFNI, Inc.*, 2020 WL 1531651, at *2 (E.D. Mich. Mar. 31, 2020). In *Foster*, the court found that the creditor did not violate § 1962e(8) because the debtor "elected not to respond to [the creditor] after receiving notice that [the creditor] had concluded its investigation, and [the debtor] never told [the creditor] that she still disputed the debt." *Id.* at *6. But in *Foster*, the creditor waited two days to make a report to the credit bureau after sending a letter to the debtor. Furthermore, the court in *Foster* did not address the timing of the creditor's notice to the debtor and report to the credit bureau. Without such analysis, *Foster* is largely irrelevant and unpersuasive here, where NCB did not provide Skoff *any* time to respond before making a report to the credit bureau.

## Conclusion

Therefore, NCB's motion to dismiss [12] is denied.

ENTERED:

_Thomas M. Durkin_
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 9, 2025